## In re TAMA BEEF PACKING, INC., Debtor.

### AgriProcessors, Inc., Interested Party–Appellant,

### v.

### Habbo G. Fokkena, U.S. Trustee–Appellee.

### BAP No. 04–6039NI.

United States Bankruptcy Appellate Panel for the Eighth Circuit.

Submitted: Feb. 11, 2005.

Filed: March 14, 2005.

Jeffrey W. Courter, Des Moines, Iowa, for appellant.

John Schmillen, Cedar Rapids, Iowa, for appellee.

Before SCHERMER, FEDERMAN, and VENTERS, Bankruptcy Judges.

VENTERS, Bankruptcy Judge.

This is an appeal of an order of the bankruptcy court determining the amount of AgriProcessors, Inc.'s administrative expense claim to be $4,896. For the reasons stated below, we reverse the court's order.

## I. STANDARD OF REVIEW

"Findings of fact, whether based on oral or documentary evidence, shall not be set

aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr.P. 8013. Legal conclusions are reviewed *de novo*. *Waterman v. Ditto (In re Waterman)*, 248 B.R. 567, 570 (8th Cir. BAP 2000).

## II. BACKGROUND

The facts underlying this appeal are set forth fully in *AgriProcessors, Inc. v. Iowa Quality Beef Supply Network, L.L.C. (In re Tama Beef Packing, Inc.)* 290 B.R. 90 (8th Cir. BAP 2003) (*Tama I*), and need not be repeated here.

In *Tama I*, the Panel determined that AgriProcessors, Inc.'s initiation of and participation in competitive bidding for the purchase of a bankruptcy estate asset (an unexpired lease) conferred a benefit to the estate under the terms of 11 U.S.C. § 503(b)(1), and, therefore, AgriProcessors, Inc. ("AgriProcessors") was entitled to an administrative expense claim for its actual and necessary expenses, *i.e.*, attorney's fees and expenses.[1] The Panel remanded the matter to the court, which had denied AgriProcessors's administrative expense claim, for a determination of the reasonableness of the fees and expenses claimed.

On remand, the court determined that AgriProcessors was entitled to a "break-up fee" of $4,896.00, representing 3.2% of the $153,000 purchase price ultimately paid for the asset on which AgriProcessors was outbid. AgriProcessors timely appealed that ruling.

## III. DISCUSSION

This appeal arises primarily out of the bankruptcy court's misinterpretation of the Panel's mandate in *Tama I*, and the Panel accepts responsibility to the extent it may have miscommunicated the basis for its holding and the precise issue on remand.

The essential basis for our holding in *Tama I* was that the fees and expenses AgriProcessors incurred through its participation in the competitive purchase of an estate asset qualified as administrative expenses because they met the requirements of § 503(b). AgriProcessors's claim for those expenses arose from a transaction with the estate and that transaction conferred a benefit to the estate. *Tama I*, 290 B.R. at 98–100. The Panel also— unfortunately—discussed AgriProcessors's fee in terms of a "break-up fee" and found that AgriProcessors's claim met the nine factors set forth in *Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.)*, 181 F.3d 527, 527–29 (3rd Cir.1999), used to determine the allowance of break-up fees as administrative expenses. *Tama I*, 290 B.R. at 98–100.

With this appeal, however, the Panel has an opportunity to revise its analysis, and we conclude that the break-up fee discussion was superfluous. AgriProcessors's claim was not a break-up fee; rather, it was simply a claim for an administrative expense which occurred in the context in which break-up fees often surface, *i.e.*, in conjunction with a "stalking horse's" unsuccessful bid. Depending on the circumstances and the terms of the transaction, an unsuccessful stalking horse bidder may seek reimbursement of its actual expenses or it may seek a break-up fee which is designed to compensate the unsuccessful

---

1. An agreement between the Panel Trustee and AgriProcessors provided that, if AgriProcessors was not the ultimate purchaser of the lease, AgriProcessors would be entitled to submit an administrative claim of not more than $50,000 to allow it to recover a portion of its costs and expenses associated with the transaction.

bidder for the risk and costs incurred in advancing the competitive bidding process.[2] The distinction is significant because break-up fees are, as the bankruptcy court correctly concluded, usually limited to one to four percent of the purchase price, whereas there is no such cap for actual fees and expenses incurred. The only requirement is that the fees and expenses satisfy the requirements of § 503(b).[3]

Consequently, the court's analysis on remand of AgriProcessors's claim as a break-up fee was unnecessary, and, unfortunately, led to an erroneous ruling limiting AgriProcessors's claim. Further remand at this juncture is unnecessary, though, inasmuch as the court did find on remand that AgriProcessors had incurred reasonable fees and expenses of $45,014.99. (App. at 519) The U.S. Trustee does not dispute that finding, and thus AgriProcessors Inc., is entitled to an administrative expense claim in the amount of $45,014.99.

## IV.  CONCLUSION

For the reasons stated above, we reverse the order of the bankruptcy court and hereby determine that AgriProcessors Inc., is entitled to an administrative expense claim against the bankruptcy estate of Tama Beef Packing, Inc., in the amount of $45,014.99.

---

**2.**  *See In re President Casinos, Inc.,* 314 B.R. 786, 788–89 (Bankr.E.D.Mo.2004).

**3.**  *Id.* (articulating difference between the reimbursement of actual expenses and the payment break-up fees which should be limited to fair an reasonable percentage of the proposed purchase price).